**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID SERENA; MANUEL ESCAMILLA; CARMEN ALVAREZ; ALEJANDRA HERNANDEZ,
    *Plaintiffs-Appellants,*

v.

STEPHEN L. MOCK, Presiding Judge, Superior Court of Yolo County, individually and in his official capacity; ROBIN WEAVER, Yolo County Jury Commissioner, individually and in her official capacity; THOMAS WARRINER, Judge, Superior Court of Yolo County, individually and in his official capacity,
    *Defendants-Appellees.*

No. 07-15218

D.C. No.
CV-06-01262-FCD

ORDER

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Argued and Submitted
August 11, 2008—San Francisco, California

Filed October 27, 2008

Before: David R. Thompson and Kim McLane Wardlaw,
Circuit Judges, and Barry Ted Moskowitz,* District Judge.

---

*The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

14977

## COUNSEL

G. Whitney Leigh, Brian Brazier, Gonzalez & Leigh, LLP, San Francisco, California, for plaintiffs-appellants David Serena, Manuel Escamilla, Carmen Alvarez, and Alejandra Hernandez.

Paul W. Cane, Jr., Sean D. Unger, Heather N. Mitchell, Paul, Hastings, Janofsky & Walker LLP, San Francisco, California, for defendants-appellees Stephen L. Mock, Thomas Warriner, and Robin Weaver.

## ORDER

David Serena, Manuel Escamilla, Carmen Alvarez, and Alejandra Hernandez (collectively, "Appellants") appeal from the district court's grant of summary judgment in favor of Serena Mock, Thomas Warriner, and Robin Weaver (collectively, "Appellees") on their equal protection claim. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's decision to grant summary judgment. *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 930 (9th Cir. 2008). Because Appellants' equal protection claim is not justiciable, *see Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 425 (9th Cir. 2008) ("For a plaintiff's claim to be justiciable, he or she must have standing to bring the claim, and the claim must not be moot."), we vacate the grant of summary judgment and remand with instructions to dismiss, *see In re Di Giorgio*, 134 F.3d 971, 975 (9th Cir. 1998).

Appellants allege two forms of injury that raise distinct justiciability concerns. Appellants first claim that they themselves were deprived of the opportunity to apply for and serve on the Yolo County Grand Jury ("Grand Jury"). At issue is whether Appellants lack standing to assert this claim as they

have never actually applied to serve on the Grand Jury. Appellants contend that their failure to apply does not defeat standing because they did not receive equal notice of the opportunity to apply for Grand Jury service in the first place. This argument has some merit, insofar as a systematic exclusion of the Hispanic population from the first stage of the Grand Jury selection process—recruitment—would lead directly to exclusion in the three remaining stages of the process.

Yet this claim is ultimately moot. *See Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." (internal quotation marks omitted)). It is evident from the complaint that Appellants were aware of the Grand Jury application process well over two years ago, and the current litigation demonstrates that Appellants are fully aware of how to apply for the Grand Jury. However, they did not apply to be considered in the pool for selection for the Grand Jury at any time. Simply put, there is no indication that Appellants have ever demonstrated any interest in actually becoming Grand Jury members. Appellants' knowledge of the application procedures renders their challenge to the recruitment procedures moot,[1] since there is no effective relief that can be granted on this claim. *See Feldman*, 518 F.3d at 642-44. Their subsequent failure to apply for Grand Jury service deprives them of standing to challenge the remaining selection procedures. *See*

---

[1] Appellants argue that even if this injury were considered moot, the mootness exception for cases "capable of repetition, yet evading review" would apply. We disagree. Given that Appellants now have notice of the application procedure, there is no reasonable expectation that they would be subjected to the same action again. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (stating that this exception only applies where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again" (internal quotation marks omitted)).

14980                SERENA v. MOCK

*Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 171 (1972); *Madsen v. Boise State Univ.*, 976 F.2d 1219, 1222 (9th Cir. 1992).

Appellants also allege that they have third-party standing to bring a claim on behalf of other Hispanics who were denied the opportunity to apply for and serve on the Grand Jury. The Supreme Court has recognized third-party standing in cases involving jury composition. *See, e.g.*, *Campbell v. Louisiana*, 523 U.S. 392, 397-400 (1998) (allowing a litigant to raise a claim on behalf of third parties where (1) the litigant has suffered an "injury in fact"; (2) he has a "close relationship" to the third parties; and (3) there is some hindrance to the third parties asserting their own rights); *Powers v. Ohio*, 499 U.S. 400, 410-15 (1991) (same). Serena is the only litigant who even arguably meets the three requirements for third-party standing, since he has a basis for alleging an injury in fact (unlike Escamilla, Alvarez, and Hernandez). Serena's claim ultimately fails as well, however, because he cannot meet the constitutional requirements for Article III standing. *See Fleck and Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1103-04 (9th Cir. 2006). Serena was never indicted, and the criminal charges brought against him following the Grand Jury investigation have been dropped. Moreover, Serena is no longer the head of the Yolo County Housing Authority. Serena therefore cannot show that there is a substantial likelihood that the requested relief will redress or prevent the alleged injury. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70-71 (1983).

We agree with the district court that Appellants' "statistical evidence that Hispanics have been underrepresented by an absolute disparity of 13.5% over the past three years is troubling,"[2] and that "[u]naddressed or ignored, this continuing

---

[2]The district court faithfully followed binding Ninth Circuit precedent in determining what constitutes "substantial underrepresentation" of Hispanics in the jury pool. *See United States v. Rodriguez-Lara*, 421 F.3d

disparity is likely to provide future evidence of systematic underrepresentation of a constitutional dimension." Because Appellants have not presented any justiciable claims, however, we lack jurisdiction to address the merits of their claim.

**VACATED and REMANDED with instructions to DISMISS. Each party shall bear its own costs.**

---

932, 943 (9th Cir. 2005) ("Our case law has settled on 'absolute disparity' —the difference between the percentage of the distinctive group in the community and the percentage of that group in the jury pool—as the appropriate measure of the representativeness of the jury pool."). Under the "absolute disparity" approach, we consistently "have declined to find underrepresentation of a distinctive group where the absolute disparity was 7.7% or lower." *Id.* at 943-44 (citing *United States v. Suttiswad*, 696 F.2d 645, 649 (9th Cir. 1982)). We question, however, whether the approach compelled by our case law is mathematically sound. *See Rodriguez-Lara*, 421 F.3d at 943 n.10 ("While Ninth Circuit precedent requires us to evaluate representativeness using absolute disparity statistics alone, that approach is not without short-comings."); *see also Hirst v. Gertzen*, 676 F.2d 1252, 1258 n.14 (9th Cir. 1982) (suggesting that the "absolute disparity" test may be less accurate than other statistical measures when the cognizable group involved in the jury challenge represents a small percentage of the population). We also question whether our jurisprudence has drifted away from the Supreme Court's original analysis in *Castaneda v. Partida*, 430 U.S. 482 (1977). There the Court determined the degree of underrepresentation using standard deviations of the sample populations. *Id.* at 496 n.17 (explaining how to calculate standard deviations from binomial distributions). Because we lack jurisdiction, however, we leave these concerns for a future panel to address.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.